Royal Palm Furniture Factories, Inc. v. Commissioner.
Royal Palm Furniture Factories v. Commissioner
Docket No. 16392.
United States Tax Court
1948 Tax Ct. Memo LEXIS 54; 7 T.C.M. (CCH) 802; T.C.M. (RIA) 48214; October 27, 1948
*54 Held, petitioner's claim for a deduction in the fiscal year ended April 30, 1946 of the sum of $6,000 as officer's separation settlement is disallowed for failure of proof. Harold Tannen, Esq., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined deficiencies in income tax and declared value excess-profits tax in the respective amounts of $5,229.77 and $792 for the fiscal year ended April 30, 1946. Only the income tax deficiency is placed in controversy by the petition. The sole issue is whether the respondent erred in disallowing petitioner a deduction of the amount of $6,000, for the taxable period involved, as "officer's separation *55 settlement." Findings of Fact Petitioner is a Florida corporation having its principal place of business at No. 1301 North West 7th Avenue, Miami, Florida. W. M. Redelsheimer became connected with petitioner on or about August 11, 1945, as secretary and treasurer, at an annual salary of $6,000. He voluntarily severed his connection with the petitioner on or about April 30, 1946, because of a dispute with the president, George S. Pollitz, Jr. The controversy arose out of an alleged oral agreement between Redelsheimer and Pollitz, under which the latter had agreed to have issued to the former certain shares of stock to be paid for out of earnings in the event Redelsheimer found a business attractive to Pollitz. Later Pollitz acquired the outstanding shares of petitioner and Redelsheimer became associated with petitioner. Pollitz died prior to the hearing of these proceedings. Various conferences were had in an effort to reach a compromise of the controversy, and a figure of $6,000 was agreed upon. Under date of December 4, 1946, Redelsheimer received a check of petitioner, payable to his order, in the amount of $4,947.78. The difference between the amount of the check and the *56 $6,000 was covered by a credit to Redelsheimer's account for furniture and furnishings he had purchased from petitioner. It was stipulated at the hearing that the income tax return of petitioner, for the fiscal year ended April 30, 1946, disclosed a claimed deduction of the amount of $6,000, as settlement separation of an officer. In his deficiency notice the respondent explained the disallowance of said deduction as follows: "It has been determined that the deduction claimed for settlement with W. M. Redelsheimer is not an allowable deduction of the corporation as this was a personal obligation of George S. Pollitz, Jr." Opinion The sole question presented is whether petitioner is entitled to deduct the sum of $6,000, in the fiscal year ended April 30, 1946, as officer's separation settlement. Section 23 (a)(1) of the Internal Revenue Code allows as deductions "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *." The burden is upon petitioner to show that the claimed deduction *57 is one permitted by the statute. Burnet v. Houston, 283 U.S. 223, 227. The evidence establishes only that the payment of $6,000 was made in December 1946 by petitioner, which is seven months subsequent to the close of the taxable year in question. The petitioner has not shown that the item was accrued or accruable on its books within the taxable year ended April 30, 1946. Therefore, the respondent's determination is sustained for lack of sufficient proof. We think it unnecessary to now determine whether the obligation to Redelsheimer was that of petitioner or the personal obligation of Pollitz. If we assumed it to be the obligation of petitioner, on this record it could not succeed. Decision will be entered for the respondent.